IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE LUCAS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 23-1623 |
| ) | |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| PENNSYLVANIA BOARD OF PAROLE ) | Re: ECF Nos. 4 and 26 |
| AND PROBATION, *Department Of Corr.*; ) | |
| *and* ) | |
| WARDEN OF SCI GREENE, ) | |
| ) | |
| Respondents. ) | |

### **MEMORANDUM OPINION**

For the reasons that follow, Respondents' Motion to Dismiss as Moot, ECF No. 26, will be granted, and the Petition for Emergency Relief for Writ of Habeas Corpus, (the "Petition") ECF No. 4, will be dismissed as moot. A certificate of appealability also will be denied.[1]

Eddie Lucas ("Petitioner") was, at the time of filing, a state prisoner incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. ECF No. 1-5. Petitioner initiated this action by submitting the habeas Petition on September 11, 2023, which was formally filed on September 22, 2023, after payment of the filing fee. ECF Nos. 3 and 4. In the Petition, Petitioner attacks the decision of the Pennsylvania Parole Board (the "Board") to rescind Petitioner's automatic reparole date based on his commission of a prison disciplinary infraction involving assaultive behavior. ECF No. 4-2 at 2-3; ECF No. 22-1 at 23-24, 27-29, 31-33, and 35-36. Petitioner asserts that, in doing so, the Board violated his right to due

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge on November 22, 2023. ECF Nos. 11 and 19.

1

process under the Fourteenth Amendment, and his right to be free from cruel and unusual punishment under the Eighth Amendment. ECF No. 4-1 at 2.

Respondents initially answered the Petition on November 9, 2023. ECF No. 10. However, Respondents filed an Amended Answer on November 28, 2023, in order to correct factual inaccuracies in their initial Answer. ECF No. 22 at 3.

Petitioner submitted a Traverse on November 28, 2023. ECF No. 24.

On January 25, 2024, Respondents submitted the pending Motion to Dismiss. ECF No. 26. In the Motion, Respondents assert that Petitioner had served his maximum sentence, and was released on January 23, 2024. Id. at 2. In support of this assertion, they submitted an unverified "Moves Report," which indicates that that Petitioner was "Reparoled" on that date. Id. at 10. This is more or less consistent with exhibits provided by Petitioner with his Petition, which indicate that Petitioner's "Parole Violation Max Date" was January 23, 2024. A review of Pennsylvania Department of Corrections public records currently lists Petitioner as a "Parolee." See https://inmatelocator.cor.pa.gov/#/ (last visited Sept. 9, 2024).

Surprisingly, the fact that Petitioner remains under at least some level of supervision imposed by the state courts was not briefed by any party. However, it appears that Petitioner currently is serving a state sentence of probation for a conviction for Possession of an Instrument of a Crime with Intent. See Docket, Com. v. Lucas, No. CP-45-CR-341-2019 (C.C.P. Monroe Cnty.) (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-45-CR-0000341-2019&dnh=0MCMd8JMsgTAsZYQ6iCBBA%3D%3D (last visited Sept. 9, 2024)). His sentence of probation for this crime explicitly is consecutive to his sentence of 12-60 months imprisonment for a conviction for Terroristic Threats at the same case number, which is the sentence underlying the instant parole habeas petition. Id. See also ECF No. 22-1 at 5.

2

Petitioner timely responded in opposition to the Motion to Dismiss. ECF No. 31. In his response, he did not contest that he had been released from confinement for the sentence from which he sought parole. Instead, he argues that his Petition is not moot despite his release because he currently suffers the collateral consequences of his conviction – namely, that he is barred from filing a Section 1983 lawsuit relating to the same by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1984). ECF No. 31 at 1. Respondents replied on February 22, 2024. ECF No. 33.

The Motion to Dismiss, ECF No. 26, is ripe for disposition.

I.  ANALYSIS

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. See, e.g., Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). It is a well-established principle that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Burkey, 556 F.3d at 147 (citing Lewis, 494 U.S. at 477-78).

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must

be dismissed as moot. Burkey, 556 F.3d at 147-48; Keitel, 729 F.3d at 280. That is the case here. Petitioner served his full prison term on his underlying sentence as of January 23, 2024. Even if this Court were to grant relief and order Respondents to reinstate Petitioner's automatic reparole date on that sentence, it would not affect the length or fact of his current probation, which was consecutive to the prior sentence, and would not begin until that prior sentence had expired. See Rambert v. Overmyer, No. 17-42E, 2018 WL 1320374, at *2-3 (W.D. Pa. Feb. 1, 2018) report and recommendation adopted, 2018 WL 1353313 (W.D. Pa. Mar. 14, 2018) (discussing aggregate sentences under Pennsylvania law). Therefore, there is no habeas relief that this Court can provide to Petitioner, and this habeas case is now moot. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

Further, while Petitioner is correct that collateral consequences may allow this case to proceed, he has not demonstrated that collateral consequences exist here. The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. Carafas v. La Vallee, 391 U.S. 234, 238 (1968). It is Petitioner's burden to demonstrate that collateral consequences exist in order to avoid having a case dismissed as moot. Spencer, 523 U.S. at 11. But as the Supreme Court has recognized, Petitioner's asserted basis – the existence of the Heck bar – is insufficient to qualify once he has been released from prison. Id. at 17.

For these reasons, the Motion to Dismiss, ECF No. 26, will be granted, and the Petition, ECF No. 4, will be dismissed as moot.

## II. CERTIFICATE OF APPEALABILITY

A certificate of appealability will be denied, as jurists of reason would not debate that Petitioner has failed to show that he should be allowed to proceed further with this case. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

## III. CONCLUSION

For the foregoing reasons, Respondents' Motion to Dismiss as Moot, ECF No. 26, will be granted, and the Petition for Emergency Relief for Writ of Habeas Corpus, ECF No. 4, will be dismissed as moot. A certificate of appealability also will be denied.

Dated: September 9, 2024

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: EDDIE LUCAS
P.O. Box 55
Tobyhanna, PA 18466

All counsel of record (*via* CM/ECF)